MORAN LAW
Michael F. Moran SB# 121665
    mmoran@moranelderlaw.com
Lisa Trinh Flint SB# 243468
    lflint@moranelderlaw.com
5 Hutton Centre Drive, Suite 1050
Santa Ana, CA 92707
Telephone: (714) 549-0333
Facsimile:  (714) 549-0444

Attorneys for Plaintiff,
DEBRA ANN BLACKMON, in and through her Guardian ad Litem, Latasha
Bracks

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DEBRA ANN BLACKMON, in and through her Guardian ad Litem, Latasha Bracks,<br><br>        Plaintiff,<br><br>    vs.<br><br>VERNON HEALTHCARE CENTER; VERNON HEALTHCARE CENTER, LLC dba VERNON HEALTHCARE CENTER; ROCKPORT ADMINISTRATIVE SERVICES, LLC; BRIUS MANAGEMENT CO.; SHLOMO RECHNITZ; and DOES 1 through 60, inclusive,<br><br>        Defendants. | CASE NO.: 2:21-cv-05608-DSF (JCx)<br>[*Assigned for All Purposes to Hon. Dale S. Fischer*]<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND**<br><br>[RE: Los Angeles Superior Court Case No. 21STCV18794]<br><br>Date:  September 20, 2021<br>Time:  1:30 p.m.<br>Dept.:  7D<br>Judge: Hon. Dale S. Fischer |

1

# **<u>TABLE OF CONTENTS</u>**

2   I.    DEFENDANTS HAVE NOT ESTABLISHED THEY MEET THE
3         DEFINITION OF A "COVERED PERSON" OR "PROGRAM
4         PLANNER" UNDER THE PREP ACT. ....................................................1
5              A.   The Allegations In The Complaint Do Not Allege Facts That
6                   Defendants Are "Program Planner(s)" Nor Have Defendants Proven
7                   With Extrinsic Evidence That They Are "Covered Person(s)" Under
8                   The PREP Act. ................................................. 1
9              B.   Defendants Have Not Established That They Are A "Qualified
                    Person" Under The PREP Act. .................................. 3
10
11  II.   PLAINTIFF'S INJURIES ARE NOT ALLEGED TO HAVE AROSE
12        OUT OF, RELATED TO, OR RESULTED FROM DEFENDANTS' USE
          OR ADMINISTRATION OF A COVERED COUNTERMEASURE. .....4
13  III.  THE PREP ACT DOES NOT CONFER COMPLETE PREEMPTION. ..9
14  IV.   THE *GRABLE* DOCTRINE DOES NOT CONFER FEDERAL
15        JURISDICTION. .....................................................................................11
16  V.    THIS COURT DOES NOT HAVE JURISDICTION UNDER FEDERAL
17        OFFICER JURISDICTION. .....................................................12
18  VI.   CONCLUSION. .......................................................................................12

19

20

21

22

23

24

25

26

27

28

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Cases**

85 Fed.Reg. 15200 .................................................................................. 5

*Anson v. HCP Prairie Vill. KS OPCO LLC*, No. 20-2346-DDC-JPO, 2021 WL 308156 (D. Kan. Jan. 29, 2021) ................................................................ 10

*Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) ........................................................................ 10

*Dupervil v. All. Health Operations, LCC*, No. 20-CV-4042 (PKC) (PK), 2021 WL 355137 (E.D.N.Y. Feb. 2, 2021) ........................................................ 10

*Dupervil v. All. Health Operations*, No. 20-CV-4042 (PKC)(PK), (E.D.N.Y. Feb. 2, 2021) 1 ........................................................................... 4

*Estate of Jones v. St. Jude Operating Co., LLC*, No. 3:20-cv-01088-SB, 2020 WL 8361924 (D. Or. Oct. 14, 2020) ................................................... 10

*Estate of McCalebb v. AG Lynwood, LLC*, Case No. 2:20-cv-09746-SB-PVC (C.D. Cal. March 1, 2021) ........................................................... 11

*Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ................... 9

*Lyons v. Cucumber Holdings, LLC*, No. CV 20-10571-JFW(JPRx), 2021 WL 364640, at *5 (C.D. Cal. Feb. 3, 2021) ......................................... 10

*Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) ....... 1

*Rachal v. Natchitoches Nursing & Rehab. Ctr., LLC,* 2021 U.S. Dist. LEXIS 105847, *4 (W.D. La. Apr. 30, 2021) ......................................... 9

*Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) .......................... 3

*Stone v. Long Beach Healthcare Ctr., LLC*, No. CV 21-326-JFW (PVCx), 2021 WL 1163572, at *5-7 (C.D. Cal. Mar. 26, 2021) ................................. 10

*Thomas v. Century Villa Inc.*, No. 2:21-cv-03013-MCS-KS (C.D. Cal. June 10, 2021) .................................................................................. 5

*Thomas v. Century Villa Inc.*, No. 2:21-cv-03013-MCS-KS (C.D. Cal. June 10, 2021) 1 ............................................................................. 5, 8

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND**

**Statutes**

42 U.S.C. § 247d-6d(i)(1)................................................................5, 7

42 U.S.C. § 247d-6d(i)(7)(A) ........................................................5, 7

42 U.S.C. § 247d-6d(i)(8)..................................................................3

42 U.S.C. § 24d-6d(i)(2)(B) ..............................................................1

42 U.S.C. § 24d-6d(i)(6)................................................................1, 2

**Other Authorities**

85 Fed. Reg. 79194....................................................................5, 7, 8

85 Fed. Reg. at 15202 (March 17, 2020)........................................1, 2

Fourth Amendment, 85 Fed. Reg. 79,190, 79,196 ..............................5

Fourth Amendment, 85 Fed. Reg. 79,190, 79,196 (December 9, 2020)...............7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  DEFENDANTS HAVE NOT ESTABLISHED THEY MEET THE DEFINITION OF A "COVERED PERSON" OR "PROGRAM PLANNER" UNDER THE PREP ACT.

1.      As stated in Plaintiff's Motion to Remand, "[t]he burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." See *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

**A. The Allegations In The Complaint Do Not Allege Facts That Defendants Are "Program Planner(s)" Nor Have Defendants Proven With Extrinsic Evidence That They Are "Covered Person(s)" Under The PREP Act.**

2.      In their Opposition to Motion to Remand, Defendants' assertion that they meet the definition of "covered person(s)" under the PREP Act, is premised on two arguments. (Dfs.' Opp. to Mtn., p. 5:19-6:26.) First, Defendants argue they are "covered persons" because they are "program planners" who "'supervise or administer a program with respect to the administration, dispensing, distribution, provision, or use of [] covered countermeasures' *and* 'provide a facility to administer or use [] covered countermeasures.'" (*Id*. at p. 5:19-22.) This argument fails because the factual allegations in the Plaintiff's complaint do not establish Defendants are "program planners" under "covered person(s)," Defendants cannot establish they are "program planners" without introducing extrinsic evidence, and this is a disputed material issue which cannot be determined prematurely on a motion to remand.

3.      The PREP Act defines the term "covered person," when used with respect to the administration or use of a covered countermeasure, to mean a person or entity that is: … **a program planner**; … or an official, agent, or employee of the above. See 42 U.S.C. § 247d-6d(i)(2)(B) [emphasis added]. The PREP Act also states that a "**program planner**" means "a state or local

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

1  government, including an Indian tribe; a person employed by the state or local

2  government; or **other person who supervises or administers a program with**

3  **respect to the administration, dispensing, distribution, provision, or use of a**

4  **Covered Countermeasure, including a person who** establishes requirements,

5  provides policy guidance, or supplies technical or scientific advice or assistance

6  or **provides a facility to administer or use a Covered Countermeasure in**

7  **accordance with the [Declaration]**." See 85 Fed. Reg. at 15202 (March 17,

8  2020); 42 U.S.C. § 247d-6d(i)(6) [emphasis added].

9       4.    What is alleged in the complaint is that Defendants own, operate,

10  manage, and/or are the licensees of Vernon Facility, which is a 24-skilled nursing

11  facility that provides long-term custodial care. (Cmplt., ¶¶ 3-8.) The complaint

12  then alleges that since there was an outbreak at Defendants' facility, their nursing

13  staff was unable to attend to all the needs of their residents. (*Id*. at ¶ 33.) Plaintiff

14  then alleges that Defendants' neglect of Plaintiff's care and treatment at their

15  facility was due to their intentional understaffing of the facility and a lack of

16  training in their staff to reduce labor costs and wrongfully increase their profits at

17  the expense of their residents. (*Id.* at 48.) Nowhere in the complaint does it allege

18  that Defendants supervised or administered a program with respect to the

19  administration…etc., or use of a "covered countermeasure." Nor does the

20  complaint allege Defendants provided a facility to administer or use covered

21  countermeasures in accordance with HHS' Declaration.

22       5.    Additionally, Defendants have not established nor proven with

23  extrinsic evidence that they supervised or administered a program with respect to

24  the administration…, or use of a Covered Countermeasure, including providing a

25  facility to administer or use a Covered Countermeasure in accordance with the

26  HHS' Declaration, that would deem them "program planner(s)" and "covered

27  person(s)" under the PREP Act. (See 85 Fed. Reg. at 15202 (March 17, 2020); 42

28  U.S.C. § 247d-6d(i)(6).)

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

6.      Here, Defendants argue in their opposition that the lack of proper PPE, testing, and medicine, **required** the very distancing, quarantining, and reduction of Defendants' staff. (Dfs.' Opp. to Mtn., p. 5:24-6:2 [emphasis added].) However, whether Defendants' conscious decision to intentionally understaff their facility was part of some infection protocol in accordance to some governmental entity guidelines, or whether the understaffing and employment of undertrained staff were done intentionally prior to the COVID-19 pandemic for the purpose of wrongfully reducing labor costs and increasing profits at the expense of its residents, is a disputed material issue that must be determined by a trier of fact. But because Defendants' assertion of the PREP Act as an affirmative defense raises this disputed issue of material fact, a determination of that issue at this early stage in a motion to remand would be premature. (See *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) [dismissal under Rule 12(b)(6) is improper when assertion of affirmative defense raises disputed issues of fact].

7.      Therefore, Defendants' argument that they fall within the definition of a "program planner" as a "covered person" under the PREP Act has no merit because the complaint does not allege facts to support it, nor have Defendants established this fact.

**B. Defendants Have Not Established That They Are A "Qualified Person" Under The PREP Act.**

8.      Here, Defendants claim they also fall within the definition of a "qualified person" under the PREP Act. See Dfs.' Opp. to Mtn., p. 6:3-26. A "qualified person" when used with respect to the administration or use of a covered countermeasure, means… a licensed health professional or other individual **who is authorized to prescribe, administer, or dispense such countermeasures under the law of the State** in which the countermeasure was prescribed, administered, or dispensed. See 42 U.S.C. § 247d-6d(i)(8) [emphasis

**MEMORANDUM OF POINTS AND AUTHORITIES**

added].

9.      Although Defendants argue that a skilled nursing facility is considered a "licensed health professional…authorized to prescribe, administer, or dispense such countermeasures," Defendants do not cite to any valid binding authority that supports such argument, other than the complaint alleges Defendants are licensed by the California Dept. of Heath. See Dfs.' Opp. to Mtn., p. 6:18-26. Neither the text of the PREP Act statute nor the HHS Secretary's Declaration expressly includes nursing homes within the definition of "covered person." *See Dupervil v. All. Health Operations*, No. 20-CV-4042 (PKC)(PK), (E.D.N.Y. Feb. 2, 2021) 1, 9.

10.      Since the complaint does not allege sufficient facts to support Defendants' argument that they are a "qualified person," and without additional extrinsic evidence, Defendants have not established that they meet the definition of a "qualified person," which is also an issue of material fact in dispute that cannot be determined on a motion to remand, Defendants are not "covered person(s)" entitled to immunity under the PREP Act.

## II.  PLAINTIFF'S INJURIES ARE NOT ALLEGED TO HAVE AROSE OUT OF, RELATED TO, OR RESULTED FROM DEFENDANTS' USE OR ADMINISTRATION OF A COVERED COUNTERMEASURE.

11.      Next, Defendants maintain that the allegations raised in the complaint regarding their understaffing and undertrained employees require them to raise the PREP Act as a defense, which is sufficient for federal removal. See Dfs.' Opp. to Mtn., p. 8:8-11. However, Defendants' argument belies their argument that their alleged conduct falls within the "use" or "administration" of a "covered countermeasure." In fact, Defendants' four paragraphs of arguments are repeated with mostly Plaintiff's arguments in her motion, rather than substantive legal authority or factual arguments supporting their position. See Dfs.' Opp. to

4

1   Mtn., p. 7:3-8:12.)

2       12.    To be availed the PREP Act's immunity, "the claims for loss must

3   be caused by, arise out of, relate to, or result from the administration to or the use

4   by an individual of a covered countermeasure." *See* 42 U.S.C. § 247d-6d(a)(1).

5   The claim for loss must have a casual relationship with the administration to or

6   use by an individual of a covered countermeasure. *See* 42 U.S.C. § 247d-

7   6d(a)(2)(B).

8       13.    "Administration" of a "covered countermeasure" means **physical**

9   **provision of the countermeasures to recipients**, or activities and decisions

10  directly relating to public and private delivery, distribution, and dispensing of the

11  countermeasures to recipients; management and operation of countermeasures

12  programs; or management and operation of locations for purpose of distributing

13  and dispensing countermeasures. *See* 85 Fed.Reg. 15200, 15202 (March 17,

14  2020) [emphasis added]. The definition of "administration" **extends only to**

15  **physical provision of a countermeasure to a recipient, such as vaccination or**

16  **handing drugs to patients, and to activities related to management and**

17  **operation of programs and locations for providing countermeasures to**

18  **recipients**, but only insofar as those activities directly related to the

19  countermeasure activities. See *id*. [emphasis added].

20      14.    The PREP Act defines "covered countermeasure" as the following:

21  (1) a "qualified pandemic or epidemic product"; (2) a "security countermeasure";

22  (3) a drug…, biological product…, or device… that is authorized for emergency

23  use in accordance with section 564, 564A, or 564B of the Federal Food, Drug,

24  and Cosmetic Act; or (4) a respiratory protective device that is approved by the

25  National Institutes for Occupational Safety and Health..." *See* 42 U.S.C. § 247d-

26  6d(i)(1); *Thomas v. Century Villa Inc.*, No. 2:21-cv-03013-MCS-KS (C.D. Cal.

27  June 10, 2021) 1, 4.

28      15.    "Covered countermeasures" can also be: (a) any antiviral, any drug,

1    biologic respiratory protective device, or any vaccine manufactured, used,

2    designed, developed, modified, licensed, or procured… (b) a product

3    manufactured, used, designed, developed, modified, licensed, or procured to

4    diagnose, mitigate, prevent, treat, or cure a serious or life-threatening disease or

5    condition caused by a product described in paragraph (a) above; (c) a product or

6    technology intended to enhance the use or effect of a product described in

7    paragraph (a) or (b) above; or (d) any device used in the administration of any

8    such product, and all components and constituent materials of any such product.

9    *See* Fourth Amendment, 85 Fed. Reg. 79,190, 79,196 (December 9, 2020).

10       16.    A "qualified pandemic or epidemic product" is a drug, biological

11   product, or device that is a product manufactured, used,… to diagnose, mitigate,

12   prevent, treat, or cure: (1) a pandemic or epidemic, or limit their harm; (2) serious

13   or life-threatening disease or condition caused by a product described in (1); or a

14   product or technology intended to enhance the use or effect of a drug, biological

15   product, or device described above.  *See* 42 U.S.C. § 247d-6d(i)(7)(A).

16       17.    "[T]here can be situations where not administering a covered

17   counter-measure to a particular individual can fall within the PREP Act and this

18   Declaration's liability protections."  *See* 85 Fed. Reg. at 79194 (December 9,

19   2020).  This type of protection applies to cases "[w]here there are limited

20   Covered Countermeasures, not administering a Covered Countermeasure to one

21   individual in order to administer it to another individual can constitute

22   ['administration to an individual' under the PREP Act]." See *id*. at 79197.

23   "Prioritization or purposeful allocation of a Covered Countermeasure, particularly

24   if done in accordance with a public health authority's directive, can fall within the

25   PREP Act and this Declaration's liability protections." See *ibid*.

26       18.    As argued in the original Motion to Remand, Plaintiff does not

27   allege in her complaint that her serious injuries were caused by, arise out of,

28   relate to, or result from Defendants' administration to or the use of a "covered

6

**MEMORANDUM OF POINTS AND AUTHORITIES**

countermeasure." *See* 42 U.S.C. § 247d-6d(a)(1). In fact, Plaintiff alleges that her injuries were caused by Defendants' neglect of her care and treatment, and the substandard level of care she received while under their care at the Vernon Facility. See Cmplt., ¶ 23, 39-42.

19.     The complaint alleges Defendants' staff failed to monitor her blood sugar levels while she was placed in isolation, and they failed to administer her diabetes medication properly, they also failed to notice the change in her condition and notify her physician of the change in her condition. See Cmplt., ¶¶ 33-36. As a result of Defendants' neglect, Plaintiff suffered severe dehydration, malnourishment, severe hyperglycemia and severe diabetic ketoacidosis, which resulted in a significant pain and suffering, generalized weakness, dysphagia, and an overall deterioration in her physical and mental condition. *See id.* ¶¶ 39-42. The alleged cause of their neglect was because Defendants intentionally understaffed their facility with employees not properly trained nor qualified to care for the elders and dependents, for the purpose of reducing labor costs and increasing profits at the expense of their residents. See *id*. ¶ 48.

20.     In this case, Defendants have not shown how this conduct, not providing the minimal care to a resident, such as providing adequate hydration, nutrition, monitoring of blood sugar levels for a diabetic resident, and administering proper diabetic medication, falls under the "use" or "administration" of a "covered countermeasure." First, water, nutrition, and diabetic medication are not "covered countermeasures" because they are not a "qualified pandemic or epidemic product"; a "security countermeasure"; a drug…, biological product…, or device… that is authorized for emergency use …; a respiratory protective device by NIOSH; an antiviral, any drug, biologic respiratory protective device, or any vaccine; or a product manufactured, used, designed, developed, modified, licensed, or procured to diagnose, mitigate, prevent, treat, or cure a serious or life-threatening disease or condition, etc. *See*

7

**MEMORANDUM OF POINTS AND AUTHORITIES**

42 U.S.C. § 247d-6d(i)(1); *Thomas v. Century Villa Inc.*, No. 2:21-cv-03013-MCS-KS (C.D. Cal. June 10, 2021) 1, 4; see also Fourth Amendment, 85 Fed. Reg. 79,190, 79,196 (December 9, 2020); 42 U.S.C. § 247d-6d(i)(7)(A). Quite simply, these are not "covered countermeasures."

21.     Second, even if these were considered "covered countermeasures" which they are not, Defendants' not administering water, nutrition, and diabetic medication to Plaintiff, and their failure to monitoring her health condition, are not the kind of "situations where not administering a covered counter-measure to a particular individual can fall within the PREP Act and this Declaration's liability protections." *See* 85 Fed. Reg. at 79194 (December 9, 2020). Defendants have not argued how or why not providing this standard level of care was a result of a "[p]rioritization or purposeful allocation of a Covered Countermeasure, was particularly done in accordance with a public health authority's directive." See *ibid.*

22.     In fact, Defendants provide no legal authority or evidence, that their intentional understaffing and employment of undertrained staff, was a result of their "deployment of countermeasures mandated [by] the federal and state governments from March 2020 and certainly when Plaintiff first entered the Facility at the heigh [*sic*] of the pandemic in October 2020." See Dfs.' Opp. to Mtn., p. 7:22-27.)

23.     Defendants also have not shown how not providing the minimum standard of care for Plaintiff, such as adequate hydration, nutrition, monitoring, and administering diabetic medication, is equivalent to a "non-use" or "non-administration" of a "covered countermeasure," such as the situation set out by the PREP Act ("[w]here there are limited Covered Countermeasures, not administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute ['administration to an individual' under the PREP Act].") *See* 85 Fed. Reg. at 79197 (December 9, 2020). Defendants have

8

not shown that withholding standard of care to Plaintiff, particularly understaffing their Facility with undertrained staff, was a result of "[p]rioritization or purposeful allocation of a Covered Countermeasure… done in accordance with a public health authority's directive." See *ibid*. As such, the PREP Act's liability immunity does not apply to bar Plaintiff's claims, because Plaintiff's alleged injuries have no casual connection to Defendants' "use" or "non-use," or "administration," or "non-administration," of "covered countermeasure[s], as required for application of the PREP Act's protections.

## III.   THE PREP ACT DOES NOT CONFER COMPLETE PREEMPTION.

24.     Defendants argue the PREP Act is a complete preemption statute, but only cite in their argument to one case, *Rachal v. Natchitoches Nursing & Rehab. Ctr., LLC,* 2021 U.S. Dist. LEXIS 105847, *4 (W.D. La. Apr. 30, 2021), which is a case not within the Ninth Circuit so it is only persuasive authority, at most, and not binding authority on this Court. See Dfs.' Opp. to Mtn., p. 10:14-22, 15:6-22. However, Defendants completely ignore the numerous district courts in the Ninth Circuit which find the PREP Act has no complete preemption, including this very Court's decision in a prior case. Plaintiff will not repeat her argument why the PREP Act does not confer complete preemption over her claims, as this extensive argument has been set out in her Motion to Remand.

25.     Complete preemption refers to the situation in which federal law not only preempts a state-law cause of action, but also substitutes an exclusive federal cause of action in its place. *See Hansen v. Grp. Health Coop*., 902 F.3d 1051, 1057 (9th Cir. 2018). The Ninth Circuit has clearly instructed that complete preemption is "rare" and has recognized that other circuits unanimously agree. *See ibid*. "Complete preemption requires a two-part showing—namely, 'federal law must both (1) provide remedies that displace state law remedies (displacement of remedies) and (2) conflict with state law (conflict preemption.'

9

**MEMORANDUM OF POINTS AND AUTHORITIES**

1    [citing *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d

2    972, 975 (9th Cir. 2007).]" *See ibid.* While the Court found Congress expressly

3    provided for conflict preemption in the PREP Act, it concluded Congress did not

4    provide federal remedy that could be pursued through a federal cause of action

5    other than for willful misconduct. *See id*. at 6.

6        26.    The PREP Act does not satisfy the Ninth Circuit's two-part

7    complete preemption test. *See Stone v. Long Beach Healthcare Ctr., LLC*, No.

8    CV 21-326-JFW (PVCx), 2021 WL 1163572, at *7 (C.D. Cal. Mar. 26, 2021);

9    see also *Estate of McCalebb v. AG Lynwood, LLC*, No. 2:20-cv-09746-SB-PVC

10   (C.D. Cal. March 1, 2021) ["*McCalebb*"] [the PREP Act does not create original

11   federal jurisdiction over a covered claim for negligence or recklessness].

12       27.    Other federal cases finding the PREP Act does not completely

13   preempt state-law negligence claims involving COVID-19 related deaths in

14   nursing home facilities: *Estate of Jones v. St. Jude Operating Co., LLC*, No. 3:20-

15   cv-01088-SB, 2020 WL 8361924 (D. Or. Oct. 14, 2020) [PREP Act does not

16   meet the Ninth Circuit's two-pronged complete preemption test and is not the

17   "rare" statute where complete preemption applies, and weight of existing federal

18   case law holds the PREP Act does not completely preempt negligence claims

19   relating to COVID-19 deaths in nursing homes.]; *Dupervil v. All. Health

20   Operations, LCC*, No. 20-CV-4042 (PKC) (PK), 2021 WL 355137 (E.D.N.Y.

21   Feb. 2, 2021) [declining to find the PREP Act completely preempts state-law

22   claims]; *Lyons v. Cucumber Holdings, LLC*, No. CV 20-10571-JFW(JPRx), 2021

23   WL 364640, at *5 (C.D. Cal. Feb. 3, 2021) [remanding negligence and wrongful

24   death claims arising from COVID-19 death of a skilled facility resident because

25   the PREP Act does not fully replace state law claims related to COVID-19 and

26   does not provide a substitute cause of action for plaintiff's claims]; *Anson v. HCP

27   Prairie Vill. KS OPCO LLC*, No. 20-2346-DDC-JPO, 2021 WL 308156 (D. Kan.

28   Jan. 29, 2021) [remanding negligence and wrongful death claims arising from

**MEMORANDUM OF POINTS AND AUTHORITIES**

COVID-19 death of an assisted living facility resident, holding the doctrine of complete preemption does not apply].

28.     Quite simply, the PREP Act does not confer complete preemption over Plaintiff's state law claims, including her willful misconduct claim.

## IV.     THE *GRABLE* DOCTRINE DOES NOT CONFER FEDERAL JURISDICTION.

29.     In *Grable*, the Supreme Court assessed whether the 'state-law claim necessarily raise[d] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.' [*Id*. at 314.]" *See Estate of McCalebb v. AG Lynwood, LLC*, Case No. 2:20-cv-09746-SB-PVC (C.D. Cal. March 1, 2021) at *3-4.

30.     Defendants here have argued that based on AO 21-01, the PREP Act confers federal jurisdiction under the *Grable* doctrine. They argue *Grable*'s two-pronged test is satisfied, but Defendants' argument fails because Plaintiffs' claims is not based on Defendants' alleged use or administration of covered countermeasures which would trigger the PREP Act. Defendants fail to show how Plaintiffs' negligence claims require an interpretation, or challenge the constitutional validity, of the PREP Act. *See McCalebb*, at 4.

31.     In addition, Defendants failed to demonstrate how Plaintiffs' negligence claims are premised on the PREP Act. *See ibid*. Nowhere in Plaintiffs' complaint is the PREP Act implicated. Only the mere allegation that Plaintiff contracted COVID-19 that required her to be placed in isolation. Her allegations do not rely on the interpretation, application, nor are they premised on the PREP Act. Thus, the facts of this case do not suffice *Grable*'s two prong analysis to confer federal jurisdiction over Plaintiff's claims.

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

**V.    THIS COURT DOES NOT HAVE JURISDICTION UNDER FEDERAL OFFICER JURISDICTION.**

32.    Lastly, Defendants argue the federal government and other state and local governmental agencies were instructing nursing homes to disregard the usual standard of care in favor of a crisis standard. In particular, Defendants argue the CDC provided that during shortages of PPE (personal protective equipment), nursing homes were not required to comply with standard of care.

33.    Defendants' argument lacks merit because these directives from governmental agencies were as a result and in response to nursing homes with shortages of PPE. Here, Plaintiff does not allege that Defendants' Vernon Facility had a shortage of PPE, which required them to provide substandard care. What Plaintiff does allege is that Defendants intentionally understaffed their facility with undertrained employees to reduce labor costs and increase profits, which has nothing to do with PPE shortages. Also, if Defendants claim their actions were a result of governmental agencies' directives to nursing homes, they have not cited to any legal authority stating that a shortage of staff would allow nursing homes to provide substandard care during the COVID-19 pandemic.

34.    As such, there is no federal officer jurisdiction applicable to this case to show removal was proper under this statute because Defendants have not shown they are a person within the meaning of the statute, there is no casual nexus between its actions and that they took those actions pursuant to a federal officer's directions, and it was not a "colorable federal defense."

**VI.    CONCLUSION.**

35.    Since Defendants have not established valid grounds for removal, this Court should remand this case back to the Superior Court of the State of California in and for the County of Los Angeles.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1 | DATED: September 7, 2021          MORAN LAW

2

3

4                                              Lisa Trinh Flint
                                               Attorneys for Plaintiff,
5                                              DEBRA ANN BLACKMON, in and
6                                              through her Guardian ad Litem,
                                               Latasha Bracks
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of September 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

DATED: September 7, 2021          MORAN LAW

_____
Lisa Trinh Flint
Attorneys for Plaintiff,
DEBRA ANN BLACKMON, in and
through her Guardian ad Litem,
Latasha Bracks


***<u>Attorneys for Defendants Vernon Healthcare Center, LLC, Rockport Administrative Services, LLC, and Brius Management Co.:</u>***

David Zarmi, Esq.
davidzarmi@gmial.com
8950 W. Olympic Blvd., Ste. 533
Beverly Hills, CA 90211
Tel: (310) 841-6455