# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ANN BLACKMON,<br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>VERNON HEALTHCARE<br>CENTER, et al.,<br>　　　Defendants. | CV 21-5608 DSF (JCx)<br><br>Order GRANTING Motion to<br>Remand (Dkt. 15) |

　　This case was removed from state court based on alleged complete preemption by the Public Readiness and Emergency Preparedness Act (PREP Act) and federal officer jurisdiction.  Plaintiff now moves to remand the case.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

　　In many cases, questions about federal subject matter jurisdiction over state COVID-19 related medical negligence claims have proven complicated for federal district courts.  This is not one of those cases.  There is a simple reason: Plaintiff's case has essentially no connection to treatment – or lack of treatment for COVID-19.

　　Plaintiff apparently contracted COVID-19 at some point, but her claims have nothing to do with that treatment.  Plaintiff complains of general neglect that led to hyperglycemia, severe diabetic ketoacidosis, dehydration, malnourishment, and severe acute renal failure.  Defendants' argument seems to be that everything that happened at the facility was related to COVID-19 measures once COVID-19 became

widespread.  See Opp'n at 7.[1]  Whatever the breadth of the PREP Act may be, the Court is confident that general neglect leading to injuries such as those allegedly suffered by Plaintiff is not related to administration of "covered countermeasures" as meant by the Act.

Nor is there federal officer jurisdiction.  Even putting aside the fact that Defendants were likely only following general regulations, which would not confer federal officer jurisdiction, Plaintiff's claims have nothing to do with any of the supposedly detailed directions that Defendants were receiving from the federal government.

The motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: September 15, 2021

Dale S. Fischer
United States District Judge

---

[1] Defendants argue: "Plaintiff's argument that her claims arise from 'the substandard level of care she received at Defendants' facility before she contracted COVID-19 and after' . . . is thus beside the point. The entire Facility and its operations were all affected by COVID-19 and the deployment of countermeasures mandated [by] the federal and state governments from March 2020 and certainly when Plaintiff first entered the Facility at the heigh [sic] of the pandemic in October 2020."