MORAN LAW
Michael F. Moran SB# 121665
   mmoran@moranelderlaw.com
Lisa Trinh Flint SB# 243468
   lflint@moranelderlaw.com
5 Hutton Centre Drive, Suite 1050
Santa Ana, CA 92707
Telephone: (714) 549-0333
Facsimile:  (714) 549-0444

Attorneys for Plaintiff,
DEBRA ANN BLACKMON, in and through her Guardian ad Litem, Latasha Bracks

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DEBRA ANN BLACKMON, in and through her Guardian ad Litem, Latasha Bracks,<br><br>Plaintiff,<br><br>vs.<br><br>VERNON HEALTHCARE CENTER; VERNON HEALTHCARE CENTER, LLC dba VERNON HEALTHCARE CENTER; ROCKPORT ADMINISTRATIVE SERVICES, LLC; BRIUS MANAGEMENT CO.; SHLOMO RECHNITZ; and DOES 1 through 60, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-05608-DSF (JCx)<br>[*Assigned for All Purposes to Hon. Dale S. Fischer*]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AUTOMATIC 30-DAY STAY OF ENFORCEMENT OF COURT'S SEPTEMBER 15, 2021 ORDER TO REMAND; DECLARATION OF LISA TRINH FLINT, ESQ.**<br><br>[RE: Los Angeles Superior Court Case No. 21STCV18794] |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AUTOMATIC 30-DAY STAY OF ENFORCEMENT OF COURT'S SEPTEMBER 15, 2021 ORDER TO REMAND**

**TO THE COURT, ALL PARTIES HEREIN, AND THEIR ATTORNEYS OF RECORD:**

COME NOW, Plaintiff Debra Ann Blackmon, in and through her Guardian ad Litem, Latasha Bracks, hereby submits her Opposition to Defendants, VERNON HEALTHCARE CENTER, LLC; ROCKPORT ADMINISTRATIVE SERVICES, LLC; and BRIUS MANAGEMENT, CO.'s Ex Parte Application for Automatic 30-Day Stay of Enforcement of Court's September 15, 2021 Order to Remand, as follows:

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AUTOMATIC 30-DAY STAY OF ENFORCEMENT OF COURT'S SEPTEMBER 15, 2021 ORDER TO REMAND**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND FACTS

Plaintiff Debra Ann Blackmon, in and through her Guardian at Litem, Latasha Bracks ("Plaintiff"), originally brought a state complaint in Los Angeles County Superior Court against on May 19, 2021, against Defendants Vernon Healthcare Center, Vernon Healthcare Center, LLC dba Vernon Healthcare Center, Rockport Administrative Services, LLC, Brius Management Co., and Shlomo Rechnitz [collectively, "Defendants] alleging state law claims for elder abuse under California Welfare and Institutions Code, general negligence, violation of California's Health and Safety Code, and willful misconduct, relating to the serious injuries Plaintiff sustained while under Defendants' care and custody at their 24-hour skilled nursing facility. (Dkt. No. 1-A, Complt.)

Plaintiff alleges in her state complaint that Defendants failed to provide her with the required care and treatment while she was under their care and custody while she was admitted to Defendants' facility. (Dkt. No. 1-A, Cmplt.) As a result of Defendants' negligence, Blackmon developed critically high glucose levels, hyperglycemia, severe diabetic ketoacidosis, severe dehydration, malnourishment, and severe acute renal failure, all of which caused her to suffer long-term permanent injuries to her mental and physical state. (Dkt. No. 1-A, Cmplt.)

On July 9, 2021, Defendants filed a Notice of Removal. (Dkt. No. 1.) Defendants' removal was on the basis of original jurisdiction under 28 U.S.C. § 1442(a), and 28 U.S.C. § 1442(a)(1). (See Dkt. No. 1.) In response, Plaintiff filed a Motion for Remand pursuant to 28 U.S.C. § 1447(c) on August 11, 2021. (Dkt. No. 15.)

On September 15, 2021, the Court granted Plaintiff's motion to remand, and issued its an order remanding this case back to Superior Court of California, County of Los Angeles ("Remand Order") . (Dkt. No. 26.) The Court also mailed

MEMORANDUM OF POINTS AND AUTHORITIES

a certified copy of its Remand Order to Los Angeles Superior Court on the same day it issued its remand order. (Dkt. No. 27.)

On September 20, 2021, Defendants filed an ex parte application for automatic 30-day stay of enforcement of the Court's September 15, 2021 remand order to allow Defendants to file a Notice of Appeal to the Ninth Circuit Court of Appeal. (Dkt. No. 28.)

## II. DEFENDANTS HAVE NOT DEMONSTRATED IN THEIR EX PARTE APPLICATION THAT A STAY IS APPROPRIATE IN THIS MATTER.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise. *See* 28 U.S.C. § 1447(d).

A stay pending appeal is not a matter of right. *See Nken v. Holder*, 556 U.S. 418, 433-434 (2009). The decision to grant or deny a stay pending appeal is subject to "an exercise of judicial discretion" that depends upon the "circumstances of the particular case." *See id.* at 433. The moving party bears the burden of persuading the court that a stay is appropriate. *See id.* at 433-434.

Whether a stay pending appeal is warranted required the court to consider the following factors: (1) whether the movant will suffer irreparable injury without the stay; (2) whether the stay will substantially injury any other party interested in the proceeding; (3) whether the movant has made a strong showing he is likely to succeed on the merits of the appeal; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The Ninth Circuit has applied the *Hilton* factors by requiring the party seeking a stay to show either "a strong likelihood of success on the merits and the possibility of 'irreparable harm' or that serious legal questions are raised and the "balance of hardships tips sharply in… favor [of the party seeking the stay]." *See*

2
**MEMORANDUM OF POINTS AND AUTHORITIES**

*Golden Gate Rest. Ass'n v. City and Cnty. of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008). The courts employ "'two interrelated legal tests' that 'represent the outer reaches of a single continuum.'" *See id*. at 1115. "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury" if a stay is not granted. *See id*. "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of the hardships tips sharply in its favor." *See id*. "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *See id*.

Here, Defendants request an order be issued staying this Court's September 15, 2021 Remand Order to permit Defendants time to file a Notice of Appeal with the Ninth Circuit Court of Appeals because they will suffer irreparable prejudice if the motion is heard by a regularly noticed hearing. (See Dkt. No. 28.) They assert that because they seek immediate relief from this Court's Remand Order, they should be able to do so before the matter is submitted back to state court. (See Dkt. No. 28.) Defendants also maintain that allowing the matter to be remanded to state court before the filing of the Notice of Appeal would be a waste of state and federal judicial resources, and that Plaintiff would not be prejudiced by the automatic stay.

First, there is no sense of urgency requiring that Defendants' motion for a stay of the Court's Remand Order be sought by way of ex parte application.

More importantly, Defendants have not demonstrated in their ex parte application any basis for their appeal of this Court's September 15, 2021 Remand Order. Nor have Defendants made a strong showing under the third factor of *Hilton* test, that they are likely to succeed on the merits of their appeal. *See Hilton v. Braunskill*, *supra*, 481 U.S. at 776.

Furthermore, Defendants have not shown there is a possibility of

3
**MEMORANDUM OF POINTS AND AUTHORITIES**

"irreparable harm," except that allowing the matter to be remanded to state court before the filing of the Notice of Appeal would be a waste of state and federal judicial resources. While it would inconvenience all parties involved including the state court, if this matter is remanded back to state court prior to Defendants filing their Notice of Appeal, that is not specifically "irreparable harm" to Defendants themselves. In fact, if a stay is ordered, there would be prejudice to Plaintiff because she would not be able to conduct her discovery in state court while Defendants' are preparing to file their Notice of Appeal. Any discovery conducted in state court would be applicable in federal court, should the Remand Order be reversed by the Ninth Circuit Court of Appeals.

Moreover, Defendants have not shown in their ex parte application that there are "serious legal questions are raised," which would warrant a stay pending appeal. *See Golden Gate Rest. Ass'n v. City and Cnty. of San Francisco*, *supra*, 512 F.3d at 1115-16.

In addition, Defendants have not proven that the "balance of hardships tips sharply in… favor" of them. *See Golden Gate Rest. Ass'n v. City and Cnty. of San Francisco*, *supra*, 512 F.3d at 1115-16. Again, there is not showing of any hardship or irreparable harm to Defendants should the Court deny their request for 30-day stay, other than it would be a waste of judicial resources to the state and federal courts, but this is not a showing of hardship or irreparable harm to Defendants.

Since Defendants bear the burden of showing the circumstances justify an order staying this action for 30-days pending their filing of notice of appeal, but they have not shown they are likely to succeed on their appeal and they would be irreparably harmed should they be denied the stay, or that there are serious legal questions raised and the balance of hardships tips sharply in their favor, Defendant have not met this burden. *See Nken v. Holder, supra*, 556 U.S. 418, at 433-434. Therefore, this Court should deny Defendants' ex parte application and

4
**MEMORANDUM OF POINTS AND AUTHORITIES**

not issue an order staying this action for 30-days pending their filing of Notice of Appeal.

### III. CONCLUSION.

For the reasons stated above, Plaintiff respectfully requests this Court deny Defendants' ex parte application for an automatic 30-day stay of enforcement of this Court's September 15, 2021 Remand Order pending their filing of Notice of Appeal.

DATED: September 21, 2021         MORAN LAW

_____
Lisa Trinh Flint
Attorneys for Plaintiff,
DEBRA ANN BLACKMON, in and through her Guardian ad Litem,
Latasha Bracks

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

DATED: September 21, 2021                    MORAN LAW

_____
Lisa Trinh Flint
Attorneys for Plaintiff,
DEBRA ANN BLACKMON, in and
through her Guardian ad Litem,
Latasha Bracks

**_Attorneys for Defendants Vernon Healthcare Center, LLC, Rockport Administrative Services, LLC, and Brius Management Co.:_**

David Zarmi, Esq.
davidzarmi@gmial.com
8950 W. Olympic Blvd., Ste. 533
Beverly Hills, CA 90211
Tel: (310) 841-6455

CERTIFICATE OF SERVICE